RECEIVED
USDC WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK

DATE  1  /  19  /  09

BY  DM

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO.  08-00379-06 |
| | * | |
| | * | 18 U.S.C. § 371 |
| VERSUS | * | 18 U.S.C. § 1341 |
| | * | |
| | * | JUDGE HICKS |
| ARK-LA-TEX AIR REPAIR, INC. | * | MAGISTRATE JUDGE HORNSBY |

**PLEA AGREEMENT**

The following sets forth the complete details of the plea agreement between the United States

and the defendant, ARK-LA-TEX AIR REPAIR, INC., with respect to the indictment now pending

in the United States Court for the Western District of Louisiana.

**IT IS UNDERSTOOD AND AGREED THAT DEFENDANT, ARK-LA-TEX AIR**

**REPAIR, INC. :**

(1)     Will enter a plea of guilty to Count 1 of the indictment charging conspiracy to

commit mail fraud in violation of Title 18, United States Code, Section § 371.

(2)     Will acknowledge that Count 196 contains a forfeiture allegation.  The Defendant

consents and agrees to forfeit to the United States, immediately and voluntarily, all of its right, title,

and interest in all assets listed in Count 196.

(3)     Will admit to the Court through a senior corporate officer acceptable to the court or

through counsel with a senior corporate officer present as the court shall direct, which will be

authorized by resolution of the Defendant's Board of Directors, that the Corporation is in fact guilty

of the offense charged.

(4)     Will agree that it is authorized to enter into this Agreement and to bind itself to the terms and conditions contained herein.  At the time of signing by the Defendant's representatives, the Defendant shall provide the United States with a written statement in the form of a corporate resolution certifying that the Defendant is authorized to enter into and comply with all of the terms of this Agreement.  The corporate resolution shall certify that the Defendant's Board of Directors has authorized the undersigned representatives to take these actions and that all corporate formalities for such authorizations have been observed.

(5)     Will admit that the Corporation, by and through its employees who were acting within the scope of their employment for the benefit of the Corporation, committed the crime charged in Count 1 of the indictment.

(6)     Will cooperate fully and truthfully in the Government's investigation and prosecution of this matter.

(7)     Will provide all information requested by the United States Probation Office necessary to determine that the terms of this Agreement are satisfied.

**THE UNITED STATES OF AMERICA AGREES:**

If the Court finds a factual basis for the Defendant, ARK-LA-TEX AIR REPAIR, INC.'s plea of guilty, pursuant to Federal Rule of Criminal Procedure Rule 11 then the United States agrees:

(1)     At the time of sentencing, the United States will make known to the Court the nature and extent of the Defendant's cooperation, if any.

(2)     Provided that the Defendant complies fully with the terms of this Agreement, the Government agrees to forgo additional criminal prosecution against the Defendant for actions that occurred before the date of this Agreement and which are known to the Government at the time of

the signing of this Agreement. The Defendant understands and agrees that neither this paragraph nor this Plea Agreement limits the prosecuting authority of any U.S. Attorney of any other judicial district other than the Western District of Louisiana, or any state, or local regulatory or prosecuting authorities. Furthermore, this Plea Agreement does not provide or promise any waiver of any civil or administrative actions, sanctions, or penalties that may apply. This Plea Agreement applies only to crimes committed by the Defendant and has no effect on any proceedings against any other entity or individual not expressly mentioned herein, including the actual or potential criminal liability of any individuals.

**GENERAL PROVISIONS:**

(1)     This Agreement does not limit the right of the Defendant or the Government to advise the Court or speak at the time of sentencing or in connection with a pre-sentence investigation, consistent with the provisions set forth in this Plea Agreement, and to provide the Court and the United States Probation Office with evidence of all relevant conduct and related information, as requested. The Government will advise the Court regarding the nature and extent of the Defendant's cooperation in the investigation and prosecution of this matter.

(2)     The United States and the Defendant, ARK-LA-TEX AIR REPAIR, INC., agree that the United States Sentencing Commission has issued guidelines for judges to consider in determining the appropriate sentence in criminal cases. However, the United States Supreme Court ruled in <u>United States v. Booker</u>, 520 U.S. 220,125 S.Ct. 738. 160 L.Ed. 2d 621 (2005) that the Sentencing Guidelines are not mandatory. The Defendant understands and acknowledges that, at sentencing, the Court is required to take account of the United States Sentencing Guidelines, together with the other sentencing goals set forth in 18 U.S.C. § 3553(a).

3

(3)     The Defendant further understands and acknowledges that the maximum punishment on Count 1 is a fine of not more than $500,000 (pursuant to 18 U.S.C. §3571).

(4)     The Defendant further understands that, in accordance with 18 U.S.C. §3013, upon its conviction the Court shall assess upon it the amount of $400.00.  The Defendant understands and agrees that, as a condition of this plea agreement, this assessment must and will be paid by the Defendant at the guilty plea by means of cashier's check or money order in the amount of $400.00 made payable to "Clerk, U. S. District Court."  The Defendant further understands that said assessment is in addition to the maximum punishment referred to in the preceding paragraphs.

(5)     The Defendant understands that in addition to the penalties set forth in the preceding paragraphs, the Court must order restitution in this case under 18 U.S.C. § 3663A and § 3664.  The Defendant further agrees that restitution in this case is not limited to the amounts or victims referred to in the specific charge to which it has pled guilty and will be determined by the Court after a complete review of the evidence developed in the investigation of this case by the Government and further investigation by the Probation Office contained in the Presentence Report.

(6)     The Defendant understands that the Government will recommend to the Court that any fine and/or restitution imposed as part of the Defendant's sentence be made due and payable immediately, and that the Defendant be held liable for all restitution jointly and severally with all co-defendants.  The Government will further recommend that the Court order that any federal income tax refund received by the Defendant from the Internal Revenue Service while there is an outstanding fine and/or restitution award be applied toward the fine and/or restitution award.

(7)     As noted above, the Defendant understands and acknowledges that Count 196 contains a forfeiture allegation. The Defendant consents and agrees to forfeit to the United States, immediately and voluntarily, all of its right, title, and interest in all assets listed in Count 196.

4

(8)     The defendant acknowledges and agrees that forfeiture of the above-described assets is authorized and proper pursuant to the provisions of 18 U.S.C. § 981 and 28 U.S.C. § 2461. In the event that forfeiture is not authorized pursuant to those provisions, the Defendant acknowledges that surrender and transfer of these assets is a condition of this Plea Agreement.

(9)     The Defendant knowingly and voluntarily waives its right to a jury trial on the forfeiture of assets. The Defendant further specifically agrees to the entry of a preliminary order of forfeiture of the above-described assets at the time of the Defendant's entry of a change of plea.

(10)     The Defendant agrees to take whatever steps are necessary to pass clear title to the assets listed in Count 196 to the United States. These steps include, but are not limited to, drafting and  signing of any document necessary to effectuate transfer of the assets.

(11)     The Defendant understands that as part of the presentence investigation the Government will make available to the Court all evidence developed in the investigation of this case.

(12)     The Defendant will acknowledge through its authorized representatives, that it has entered into this Agreement freely and voluntarily, that it has been fully advised by counsel, and that no threats or promises were made to induce the Corporation to enter into the guilty plea called for by this Agreement.

(13)     The United States and the Defendant acknowledge that the terms of this Agreement and the indictment filed in this case constitute the entire Agreement between the parties.  No promises, agreements, or conditions have been entered into other than those set forth in this Agreement.

AGREED AND ACCEPTED and signed this 14th day of January, 2009.

DONALD W. WASHINGTON
United States Attorney

By:_____
ALEXANDER C. VAN HOOK (#25281)
Assistant United States Attorney
300 Fannin Street, Suite 3201
Shreveport, Louisiana 71101
Phone: (318) 676-3600

ARK-LA-TEX AIR REPAIR, INC.:

_____
By: GARRETT WILSON, Agent/Director

_____
By: ALAN LEE, Agent/Director